UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Maureen Sullivan

    v.                                        Civil No. 14-cv-06-JL
                                              Opinion No. 2015 DNH 048

Carolyn Colvin,
Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Maureen Sullivan has appealed the Social Security Administration's denial of her application for disability insurance benefits ("DIB"). After a hearing, an administrative law judge at the SSA ("ALJ") ruled that Sullivan was not disabled as of her date last insured, December 31, 2006. And a "[c]laimant is not entitled to [DIB] unless [she] can demonstrate that [her] disability existed prior to the expiration of [her] insured status," i.e., her date last insured.[1] Cruz Rivera v. Sec'y of HHS, 818 F.2d 96, 97 (1st Cir. 1986).

The Appeals Council later denied Sullivan's request for review, see 20 C.F.R. § 404.968(a), with the result that the ALJ's decision became the final decision on Sullivan's application, see id. § 404.981. Sullivan then appealed the decision to this court, which has jurisdiction under 42 U.S.C.

---

[1] A claimant's date last insured is a function of her age and earnings history. See 20 C.F.R. §§ 404.130, 404.132.

§ 405(g) (Social Security).  In her motion to reverse the decision, see L.R. 9.1(b)(1), she argues, among other things, that the ALJ erred by finding that she was not disabled as of her date last insured without consulting a medical advisor, in violation of an SSA Policy Statement, "SSR 83-20."  See Social Security Ruling 83-20, Program Policy Statement: Titles II and XVI: Onset of Disability (PPS-100), 1983 WL 31249 (S.S.A. 1983).

In her motion to affirm the decision, see L.R. 9.1(d), the Commissioner maintains that SSR 83-20 does not apply here, either because the ALJ made "no finding that [Sullivan] ha[d] been disabled at any point in time," i.e., before or after her date last insured, or because the record "contains contemporaneous medical evidence showing that [she] was not disabled" as of her date last insured.  As the Commissioner acknowledges, however, this court has repeatedly rejected her first attempt at distinguishing SSR 83-20 in cases like this.  And her second argument that SSR 83-20 did not require the ALJ to consult a medical advisor here--because Sullivan actually came forward with contemporaneous evidence that she was disabled as of her date last insured--would turn SSR 83-20 on its head.

SSR 83-20 states in relevant part that:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination . . . .

> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred.

1983 WL 31249, at *3. As the Court of Appeals has observed, SSR 83-20 thus "require[s] the ALJ to consult a medical advisor" when "the evidence regarding the date on which [a] claimant's . . . impairment became severe is ambiguous." May v. SSA Comm'r, 125 F.3d 841 (table), 1997 WL 616196, at *1 (1st Cir. Oct. 7, 1997).

As noted above, the Commissioner argues that this requirement applies only when an ALJ finds that a claimant was disabled as of some point (generally, the date of the hearing), but also finds that the claimant was not yet disabled at an earlier point (the date last insured). But, again, this court has repeatedly rejected that argument, reasoning that SSR 83-20 plainly "require[s] the ALJ to consult with a medical advisor in inferring the onset date of the claimant's disability, and . . . that is functionally what the ALJ is doing in deciding from ambiguous evidence that the claimant's onset date did not precede her date last insured." Rossiter v. Astrue, 2011 DNH 115, 9 (Laplante, J.); see also, e.g., Wilson v. Colvin, 17 F. Supp. 3d 128, 142-43 (D.N.H. 2014) (Barbadoro, J.); Bica v. Astrue, 2009 DNH 171, 9-10 (McAuliffe, J.).

The Commissioner does not endeavor to show that these decisions were wrong, stating only that her "interpretation, which is entitled to deference, is supported by the plain language of SSR 83-20," and citing a few cases from other jurisdictions that have agreed with it. But this court has previously ruled that the plain language of SSR 83-20 dictates the opposite conclusion, see, e.g., Rossiter, 2011 DNH 115, 7-9, and has declined to follow the very same decisions the Commissioner now cites because they are at odds with that language, id. at 11-12. This court has also pointed out that, at least in the First Circuit, courts give no special "deference" to the interpretation that an agency gives its rules solely in the context of litigation. Id. at 13 n.8 (citing Rosenberg v. Merrill Lynch, Price, Fenner & Smith, Inc., 170 F.3d 1, 12 (1st Cir. 1999)). For those reasons, which need not be fully restated here, this court sticks by its previous decisions that SSR 83-20 requires an ALJ to "'call on the services of a medical advisor when onset must be inferred,' without any exception for cases when the inference is drawn solely for the purpose of determining whether the disability existed as of the date last insured." Id. at 12 (quoting SSR 83-20, 1983 WL 31249, at *3).

The Commissioner also argues that, even if SSR 83-20 requires a medical advisor in such cases generally, it did not do

so here, "because the administrative record contains contemporaneous medical evidence showing that [Sullivan] was not disabled" as of her date last insured. But this evidence consists largely of treatment notes and other reports by Johnson's providers beginning in early 2006. As SSR 83-20 specifically provides, whether these records show that any of Sullivan's impairments "existed at a disabling level of severity" prior to her date last insured, December 31, 2006, requires "an informed judgment of the facts in the particular case" that "must have a legitimate medical basis," i.e., it cannot be left up to the ALJ's judgment as a layperson. SSR 83-20, 1983 WL 31249, at *3 (emphasis added). It is for this reason that SSR 83-20 states, in the very next sentence, that "[a]t the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred." Id. SSR 83-20, in other words, does not permit the ALJ to infer the onset date of the claimant's disability from her medical records alone--even if those records are "contemporaneous" with the claimant's date last insured, as the Commissioner suggests. Neither the text of SSR 83-20, nor any case law the Commissioner has brought to this court's attention, recognizes this potentially enormous exception to the application of rule that, by its own terms, functions to prevent

5

an ALJ from identifying the onset date of a claimant's disability based on the ALJ's lay interpretation of medical records.

It is true that, under SSR 83-20, "a medical advisor need be called only if the medical evidence of onset is ambiguous," so that, "if no legitimate basis can support an inference of disability as of the claimed onset date, then no medical advisor is necessary." Mills v. Astrue, 2011 DNH 097, 18-19 (quotation marks omitted).  But the Commissioner does not claim that Sullivan's records unambiguously demonstrate that she was not suffering from a disabling impairment prior to her date last insured and, indeed, the record evidence includes the retrospective opinions of a physician who had treated Sullivan prior to her date last insured that, by that time, she was already suffering from significant postural, environmental, and manipulative limitations foreclosing her from any full-time work.  While the ALJ gave these opinions little weight, SSR 83-20 does not recognize the rejection of opinion testimony establishing that the claimant was disabled as of her date last insured as a substitute for the contrary opinion of a medical advisor, and, again, the Commissioner provides no authority to that effect.[2]

---

[2]As the Commissioner notes, the record also contained the retrospective opinion of a state agency physician that Sullivan "had a retained physical functional capacity on a sustainable basis" through her date last insured.  Assuming, without deciding, that receiving this opinion obviated the need for the

So, regardless of whether the ALJ supportably rejected the opinions of Sullivan's physician (an aspect of the decision that Sullivan separately challenges here but that this court need not and does not reach), the ALJ still could not have found Sullivan capable of full-time work as of her date last insured without, as SSR 83-20 dictates, calling on the services of a medical advisor. Because the ALJ failed to do that here, the court must GRANT Sullivan's motion to reverse the ALJ's decision,[3] and DENY the Commissioner's motion to affirm it.[2]  This case is REMANDED for further proceedings consistent with this opinion under sentence 4 of 42 U.S.C. § 405(g).  The clerk shall enter judgment accordingly and close the case.

---

ALJ, "[a]t the hearing . . . [to] call on the services of a medical advisor" (and assuming further, also without deciding, that the ALJ supportably decided to give controlling weight to this opinion, despite Sullivan's claim to the contrary), the opinion says nothing about her mental functional capacity as of her date last insured--and therefore does not amount to a medical opinion on which the ALJ could have relied to find that, despite indications of both mental and physical impairments in her medical records prior to her date last insured, those impairments had not yet reached a disabling level as of that point.

[3]Document no. 9.

[2]Document no. 12.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 11, 2015

cc: Janine Gawryl, Esq.
 Robert J. Rabuck, AUSA